**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4529

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADEBOWALE OJO, a/k/a Debo,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:21-cr-00028-GJH-1)

Submitted:  June 12, 2023                                      Decided:  June 20, 2023

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Stuart A. Berman, LERCH, EARLY & BREWER, CHTD., Bethesda, Maryland, for Appellant.  Jessica Caroline Collins, Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adebowale Oloyede Ojo pleaded guilty pursuant to a written plea agreement to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and distribution of and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). In the plea agreement, Ojo agreed that he was a Sentencing Guidelines career offender and under Fed. R. Crim. P. 11(c)(1)(C), a sentence of not less than 132 months nor more than 240 months was appropriate. The district court sentenced Ojo to 162 months' imprisonment and four years' supervised release. Ojo's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising for the court's consideration whether the district court erred by denying Ojo's motion to withdraw his guilty plea. Ojo has filed a pro se brief raising the same issue and adds that the factual basis offered by the Government at his guilty plea hearing did not support the conspiracy conviction. The Government moves to dismiss the appeal based on the appeal waiver in the plea agreement.

We begin with the district court's decision to grant Ojo's motion to proceed without counsel during the trial. The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). "A defendant may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021) (internal quotation marks omitted). "To waive counsel, a defendant must also be mentally

2

competent." *Id.* "[A] defendant is competent to waive his right to counsel when he (1) has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) he has a rational as well as factual understanding of the proceedings against him." *Id.* at 227 (internal quotation marks omitted). "All that is required is the competence to waive the right to counsel—not the competence to effectively represent oneself." *Id.*

"Whether a defendant waived his right to counsel is a legal question we review de novo. But we review a district court's factual competency findings only for clear error. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Id.* (citations and internal quotation marks omitted). The district court must make the defendant "'aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005) (quoting *Faretta*, 422 U.S. at 835). We do not require "[a] precise procedure or litany for this evaluation." *United States v. Singleton*, 107 F.3d 1091, 1097 (4th Cir. 1997). Because of Ojo's educational background, his familiarity with some of the rules and procedures, and the advice given to him about the difficulty in having access to discovery, we conclude that Ojo was competent to waive counsel and his waiver was knowing and voluntary.

Next, it was after eight days of trial that Ojo agreed to plead guilty to two of the charges. Based on the appeal waiver in the plea agreement, the Government moves to

3

dismiss the appeal. We review the validity of an appeal waiver de novo to "determine whether [the defendant] knowingly and voluntarily waived his right to appeal." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy that complies with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *Id*. We have reviewed the plea agreement and the Fed. R. Crim. P. 11(b) hearing and conclude that Ojo's appeal waiver is valid and enforceable.

While counsel states that there are no meritorious grounds for appeal, he questions whether the district court abused its discretion in denying Ojo's motion to withdraw his guilty plea. Ojo also challenges the denial of that motion in his informal brief. An enforceable appellate waiver in a plea agreement will not bar appellate review of the denial of a motion to withdraw the underlying guilty plea when the motion contains "a *colorable* claim that the plea agreement . . . is tainted by constitutional error," such as involuntariness or ineffective assistance of counsel. *United States v. Attar,* 38 F.3d 727, 733 n.2 (4th Cir. 1994). But Ojo's motion to withdraw his guilty plea did not assert any error in the plea agreement or any other error of constitutional magnitude. Because we conclude that Ojo's appeal waiver is valid and enforceable and the denial of his motion to withdraw his guilty plea falls within the scope of the appeal waiver, which the Government seeks to enforce, we will grant the Government's motion to dismiss in part and not review this issue. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (noting that appeal waiver

will be enforced if the issue falls within the scope of the waiver and the Government has not breached the plea agreement).

But a valid appeal waiver does not prevent a claim that the factual basis was insufficient to support a guilty plea, an issue Ojo advances in his informal brief. *McCoy*, 895 F.3d at 364. We review the district court's determination of whether a guilty plea has a sufficient factual basis for abuse of discretion. *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir. 2007). Upon our review, we conclude that the Government's factual basis was more than sufficient. Because the district court substantially complied with Rule 11 and there is an independent and adequate ground to support the convictions, we affirm the convictions.

Our review pursuant to *Anders* reveals a meritorious ground for appeal that falls outside the scope of Ojo's appeal waiver. At sentencing, the district court failed to pronounce all non-mandatory conditions of supervised release that were stated in the criminal judgment, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). In *Rogers*, we held that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Id.* at 296. This requirement applies to "any set of discretionary conditions—even those categorized as 'standard' by the Guidelines[.]" *Id.* at 297-98. A court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation," such as by reference to the Guidelines, the recommendations set out in the PSR, or a standing order of the court. *Id.* at 299. "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a

5

remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) (citing *Rogers*, 961 F.3d at 295, 300-01).  While Ojo did not object, the claim did not arise until after the written judgment was issued.  "In such cases, we . . . allow a defendant to appeal the allegedly inconsistent judgment without an objection in the district court." *Rogers*, 961 F.3d at 295.  "[W]e review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (internal quotation marks omitted).

The Presentence Report recommended "Standard Conditions of Supervision" and "Additional Recommended Conditions of Supervision."  While those recommended conditions were included in Ojo's criminal judgment, the district court did not incorporate those recommended conditions at sentencing nor did the court announce those conditions completely.  By way of example, the court instructed Ojo that he must live at a place approved by the Probation Office.  But the court did not announce the additional provision in the criminal judgment that Ojo has 10 days to notify his probation officer if he plans to change his residence or anything about his living arrangements, including the persons living with him.  The written judgment includes a number of conditions of supervision that were not completely announced by the court at sentencing.  The lack of a match between the court's description of a discretionary condition and the written condition in the judgment is a reversible *Rogers* error.  Accordingly, we vacate Ojo's sentence and remand for resentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal or any other ground outside the scope of the

6

appeal waiver.   We therefore affirm the convictions, grant the Government's motion to dismiss in part, vacate the sentence and remand for resentencing.   This court requires that counsel inform Ojo, in writing, of the right to petition the Supreme Court of the United States for further review.   If Ojo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Ojo.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART,*
*VACATED IN PART, AND REMANDED*